IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEBRA D.G., <br><br>   Plaintiff, <br> v. <br><br> NANCY A. BERRYHILL, acting Commissioner of the Social Security Administration, <br><br>   Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:17-cv-1229-DB <br><br> District Judge Dee Benson <br><br> Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(b) for a Report and Recommendation on all dispositive matters.[1] Plaintiff, Debra D.G.,[2] sought judicial review[3] of the Commissioner's decision denying her application for supplemental security income (SSI) under the Social Security Act.[4] Defendant requests dismissal of Plaintiff's Complaint as untimely under Rule 12(b)(6).[5] After careful consideration of the record, relevant law, and Defendant's memoranda, the court has determined oral argument is unnecessary. For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

**BACKGROUND**

---

[1] ECF No. 14.

[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

[3] 42 U.S.C. § 405(g).

[4] 42 U.S.C. §§ 401-434, and ECF No. 2.

[5] ECF No. 9.

After an administrative law judge issued a decision denying Plaintiff disability benefits on September 30, 2016,[6] Plaintiff filed a Request of Review with the Appeals Council.[7] On September 18, 2017, the Appeals Council issued a Notice denying the Request for Review.[8] The Notice expressly provides as follows:

> ·You have 60 days to file a civil action (ask for court review).
>
> ·The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> ·If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more then 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.[9]

The Notice was mailed to both Plaintiff and her counsel.[10] Pursuant to the Notice, Plaintiff needed to file a civil action on or before November 22, 2017. Plaintiff did not file her civil action until November 28, 2017,[11] six days past the deadline. There is nothing in the record indicating Plaintiff requested an extension of time. Moreover, Plaintiff did not oppose, or in any way respond, to Defendant's motion to dismiss.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, [and] [a]ll parties must be given a reasonable opportunity to present all the material that is

---

[6] ECF No. 9-1 at 21-31.

[7] *Id*. at 37-38.

[8] *Id.* at 42-44.

[9] *Id*. at 43-44.

[10] *Id*. at 42-44.

[11] ECF No. 2.

pertinent to the motion."[12]  "[I]n general, a motion to dismiss should be converted to a summary judgement motion if a party submits, and the district court considers, materials outside the pleadings."[13]  However, notwithstanding this rule, "the court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the document's authenticity."[14]

## DISCUSSION

Defendant attached to its motion to dismiss documents referenced in the Complaint, which are central to the Plaintiff's claims.  Plaintiff's counsel received a copy of the motion, including all the attachments.  Plaintiff never responded to the motion or disputed the authenticity of any of the attachments.  The court has reviewed the attachments to verify the allegations in both the Complaint and motion to dismiss.

Here, Plaintiff had 60-days from the mailing of the Notice in which to file her appeal.[15]  The Commissioner has interpreted the term "mailing" as the date of receipt of the Notice by the individual.[16]  The date of receipt is presumed to be five days after the date of the Notice,[17] in this case September 23, 2018.  Thus, Plaintiff had until November 22, 2018 (60 days from the date of the Notice, plus five days for mailing) to commence the civil action.  Here, Plaintiff did not commence the action until November 28, 2018, six days past the deadline.

---

[12] *See* Fed.R.Civ.P. 12(d).

[13] *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999).

[14] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[15] 42 U.S.C. §405(g).

[16] *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c).

[17] *See id.*

The Tenth Circuit has held that civil actions not commenced within the 60-day period are subject to dismissal.[18] And other courts have strictly applied the 60-day time limit and affirmed dismissal where the civil action was only commenced one day late.[19] It is undisputed the Notice advised Plaintiff to commence the civil action within the 60-day period, that it was assumed she received the Notice five days after the date on it, and that she could request an extension of time. Here, Plaintiff did not request an extension, contest authenticity of the documents attached to the motion to dismiss or respond in any fashion to the motion to dismiss. Thus, this court has no choice but to recommend granting the motion to dismiss.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant's Motion to Dismiss [ECF No. 9] be GRANTED.

## NOTICE

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service.[20] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 15 October 2018.

Brooke C. Wells
United States Magistrate Judge

---

[18] *See Dozier v. Bowen*, 891 F.2d 769, 770 (10th Cir. 1989).

[19] *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).

[20] *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b).